Robert SAULSBURY, Petitioner-
Appellant,

v.

Lamoyne GREEN, Superintendent Marion
Correctional Institution, Respondent-
Appellee.

No. 16015.

United States Court of Appeals
Sixth Circuit.

June 25, 1965.

Robert Saulsbury, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before EDWARDS, Circuit Judge, MACHROWICZ, District Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a dismissal without hearing of a habeas corpus petition filed by petitioner-appellant. Petitioner had sought to raise a number of issues, of which the only one which appears to present a federal constitutional question is his claim that he was deprived of Fourth Amendment rights by the admission of evidence secured by an illegal search and seizure. In this regard he relies upon Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

In dismissing this petition, the District Judge said:

"Again we must repeat, as we did in the former petition filed in this Court, that nowhere does it appear that the petitioner has exhausted the appeal remedies available to him in the State Courts, in fact, nowhere in the record supplied to us by the petitioner does he allege that he ever appealed from his conviction in the Cuyahoga County Court of Common Pleas. Further, we agree with the decision of the Ohio Supreme Court in the habeas corpus proceeding heretofore pursued before it that the questions propounded by petitioner are not cognizable under habeas corpus.

"Petitioner presents no new ground not heretofore presented and determined in this Court and in the Court of Appeals for the Sixth Circuit and, therefore, comes within the provisions of Section 2244, Title 28 United States Code Annotated."

This has a very familiar ring, since petitioner in the current appeal was the petitioner in Saulsbury v. Green, 318 F.2d 320 (C.A.6, 1963), which is the leading case in this Circuit on the question of Ohio's postconviction remedies. In that case we held that Saulsbury had not exhausted his State remedies because he had not been to the State Supreme Court on habeas corpus or filed a motion for leave to take a delayed appeal.

In the interval, it appears clear that he has done the former. See Saulsbury v. Green, 175 Ohio St. 433, 195 N.E:2d 787.

It likewise appears that the Supreme Court of Ohio has given him an evidentiary hearing on his Fourth Amendment claim and has entered findings of fact adverse to him. In the cited opinion the Supreme Court of Ohio has said:

"Petitioner as his first ground for release argues that he was convicted upon evidence obtained by illegal search and seizure. From the evidence introduced at the hearing, it appears that federal officers, suspecting narcotics were being sold, gave money to an individual who went to petitioner's apartment and purchased marijuana cigarettes. The agents had listed the serial numbers of the money. When the informer came out of the building, he turned the cigarettes over to the agents and they in company with city detectives went to petitioner's apartment. They were admitted by him and searched the apartment and found no narcotics but did find part of the marked money in petitioner's clothes. Upon this evidence, petitioner was prosecuted under the state law.

"It is only evidence that is obtained by an illegal search that is inadmissible under the Fourth Amendment to the Constitution of the United States. In the present situation, the officers had good cause to believe that a felony had been committed. The search was pursuant to a lawful arrest. It has long been held that a search pursuant to a lawful arrest is reasonable, and evidence obtained thereby is admissible. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; and Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327." Saulsbury v. Green, supra at 433–434, 195 N.E.2d at 787–788.

It thus appears that the only federal constitutional issue presented to the District Judge has been presented to the Ohio Supreme Court and has been adjudicated against petitioner upon the merits.

It would be an exercise in futility to require petitioner to go back to this same court with a petition for leave to appeal.

However, as an alternative ground for dismissal of petitioner's application for writ of habeas corpus, the Ohio Supreme Court also held that Mapp v. Ohio, supra, was not applicable retroactively. This view has now been adopted by the Supreme Court of the United States. Linkletter v. Walker, 85 S.Ct. 1731 (1965) (Decided June 7, 1965); United States ex rel. Angelet v. Fay, 333 F.2d 12 (C.A. 2, 1964), aff'd, 85 S.Ct. 1750 (1965) (Decided June 7, 1965).

Petitioner herein was convicted and sentenced in June of 1956. He did not appeal. Mapp v. Ohio was decided June 19, 1961.

The dismissal of the petition is affirmed. Linkletter v. Walker, supra.