William W. OLNEY, Petitioner,

v.

LaMoyne GREEN, Superintendent Marion Correctional Institution, et al., Respondent.

No. C65-212.

United States District Court
N. D. Ohio, W. D.

Nov. 23, 1965.

William W. Olney, in pro. per.

Leo J. Conway, Asst. Atty. Gen., of Ohio, for respondent.

DON J. YOUNG, District Judge.

This is a habeas corpus action brought by a state prisoner. 28 U.S.C. § 2241.

Petitioner was convicted by a jury in Franklin County Common Pleas Court and sentenced to life imprisonment on June 11, 1960. The Court of Appeals for Franklin County affirmed the judgment of conviction. The Ohio Supreme Court denied a motion for leave to appeal. Petitioner was represented by counsel throughout the trial and appellate proceedings.

According to petitioner, a habeas corpus petition filed in the Franklin County Common Pleas Court was dismissed in February of 1964. Subsequently, petitioner sought a writ of habeas corpus in the Ohio Supreme Court. A hearing was held before the Master Commissioners on September 1, 1965 and then dismissed without consideration of the merits because a new remedy had been created by the Ohio legislature. Ohio Rev. Code §§ 2953.21–2953.24.

Respondent moves that this petition be dismissed for the reason that petitioner has failed to exhaust his state remedies. An affidavit signed by the Deputy Clerk of the Ohio Supreme Court

shows that petitioner's motion for leave to appeal did not state that the case involved a substantial constitutional question.

Petitioner responds that he is "not responsible for the State's failure to pass on the merits of his contentions, his only duty (as to exhaustion) is that such contentions are presented." Although the Court agrees with this view of petitioner's responsibilities under 28 U.S.C. § 2254, we find that petitioner has not fully discharged that responsibility and therefore this petition must be dismissed.

■ First, petitioner did not present a constitutional claim to the Ohio Supreme Court when he appealed from his conviction. Under Art. IV, Section 2, of the Ohio Constitution, as implemented by Ohio Revised Code §§ 2953.02 and 2953.08, the Ohio Supreme Court has appellate jurisdiction in cases "involving questions arising under the constitution of the United States or of this state" and "cases of felony on leave first obtained." For whatever reason, petitioner, through his counsel, chose the latter avenue of appeal, and therefore did not present the state court with the claims now before this Court.

The decisions of the Sixth Circuit relative to the exhaustion of remedy requirements in Ohio do not hold to the contrary. In Saulsbury v. Green, 347 F.2d 828 (6th Cir. 1965), the Ohio Supreme Court had given the prisoner an evidentiary hearing and rendered findings of fact. In Coleman v. Maxwell, 351 F.2d 285 (6th Cir. 1965), the Ohio Supreme Court had dismissed the action *per curiam* for want of a substantial constitutional question. In both cases the Ohio Supreme Court had considered the merits of the cause and therefore the Sixth Circuit found "it would be an exercise in futility to require petitioner to go back to this same court * * *" Saulsbury v. Green, supra, 347 F.2d at 829.

■ Second, dismissal of petitioner's original habeas corpus action in the Ohio

Supreme Court was not a determination on the merits. In Freeman v. Maxwell, 4 Ohio St.2d 4, 210 N.E.2d 885, decided October 6, 1965, the Ohio Supreme Court held that the new post-conviction remedies provided in sections 2953.21 to 2953.24 of the Revised Code applied to pending as well as future habeas corpus actions. Petitioner's then pending action was subsequently dismissed along with ninety-three other petitions, 38 Ohio Bar 1116–19 (October 18, 1965); thus relegating petitioner to his remedy in the Franklin County Common Pleas Court.

■ Petitioner complains that a return to the sentencing court with the same contentions already passed on and refused on an earlier occasion will be futile. Here petitioner misses the point of the new legislation. In the habeas corpus action the sentencing court's inquiry was limited strictly to testing jurisdictional defects. The new legislation, however, is expressly designed to allow the sentencing court to test constitutional defects in a conviction. The Franklin County Common Pleas Court will therefore now be able to give petitioner's claims the attention they deserve, with the appointment of counsel with fee.

The State of Nebraska has enacted a statute similar to Ohio's new legislation. Neb.Leg. Bill 836, Seventy-fifth Session, effective April 12, 1965. This has given the United States Court of Appeals for the Eighth Circuit an opportunity to pass on the exhaustion issue presented here. In Dabney v. Sigler, 345 F.2d 710 (8th Cir. 1965), a state prisoner had applied for a writ of habeas corpus to the United States District Court for the District of Nebraska and received a hearing on April 9, 1964. Upon denial of the petition, he appealed. Before a decision by the Eighth Circuit, the new Nebraska remedy became available. The appellate court therefore declined to reach the merits of the issues raised on appeal, relegating the appellant to the new state procedure.

We quote from that opinion:

"In the light of * * * the national policy mandated by the Congress in § 2254, Title 28, U.S.C.A., we are compelled to apply the rule of 'exhaustion of state remedies' to this appeal, (cf. United States ex rel. Wilkins v. Banmiller, 325 F.2d 514 (3 Cir. 1963)) to avoid 'unseemly collisions' between the State Courts of Nebraska and Federal Courts, and to give to the former courts first opportunity to avoid alleged abuses of federal constitutional rights such as here claimed by appellant." Id. at 715.

The Eighth Circuit has continued to follow this policy. Ellenson v. Fugate, 346 F.2d 151 (1965). We do the same here. Sound principles of federalism require it. Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965).

Respondent's motion for dismissal is allowed.