THE STATE, EX REL. MANNING, APPELLANT, *v.* MONTGOMERY, PROS. ATTY., ET AL., APPELLEES.

[Cite as State, ex rel. Manning, *v.* Montgomery (1988), 39 Ohio St. 3d 140.]

(No. 88-926—Submitted July 27, 1988—Decided October 19, 1988.)

*Paul R. Manning, pro se,* for appellant.

*Betty D. Montgomery,* prosecuting attorney, and *Linda F. Holmes,* for appellees.

*Per Curiam.* On March 22, 1988, relator-appellant, Paul R. Manning, filed a petition for postconviction relief pursuant to R.C. 2953.21 in the Court of Common Pleas of Wood County. Although that statute requires a prosecutor to respond to a petition for postconviction relief by answer or motion within ten days after the petition is docketed, or within such further time as the court fixes for good cause shown, R.C. 2953.21(D), no responsive pleading was filed.

In an attempt to compel such a pleading, appellant filed a complaint in mandamus against respondents-appellees Wood County Prosecuting Attorney Betty Montgomery and others in the Court of Appeals for Wood County. That court denied the writ because appellant had not shown the absence of an adequate remedy in the ordinary course of law. More specifically, it found that appellant could request the trial court to rule on his petition without appellee prosecuting attorney's response.

We agree. Mandamus will not lie where relator has another adequate legal remedy. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, at paragraph one of the syllabus. Accordingly, the court of appeals' decision denying the writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.