**The STATE of Ohio, Appellee,**

v.

**DARDEN, Appellant.**

[Cite as *State v. Darden* (1989), 64 Ohio App.3d 691.]

Court of Appeals of Ohio,
Sandusky County.

No. S–89–24.

Decided Oct. 20, 1989.

*Ronald J. Mayle,* Prosecuting Attorney, for appellee.

*Alphonso Darden, pro se.*

*Per Curiam.*

This case comes on appeal from a judgment of the Sandusky County Court of Common Pleas and arises from the following pertinent facts.

Appellant, Alphonso Darden, was found guilty of attempted aggravated burglary in violation of R.C. 2911.11(A)(3). That judgment was affirmed by this court on January 16, 1987. On March 14, 1989, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 in the court below. That petition was dismissed by the trial court on June 13, 1989 on the basis of *res judicata.* Appellant filed a timely notice of appeal and asserts as error:

"1. Whether the trial court erred to the prejudice of the appellant where the court overruled appellant's motion for default judgment: thereby denying the appellant equal protection of law.

"2. Whether the appellant was denied the effective assistance of counsel during his direct appeal: thereby denying appellant of his Sixth and Fourteenth Amendment rights.

"3. Whether imposition of actual incarceration or enhancement of sentence was erroneous in absence of specification in indictment: imposition of such sentence is in violation of appellant's Fifth, Eighth, and Fourteenth Amendment rights.

"4. Whether imposition of actual incarceration or enhancement of sentence was erroneous where the state failed to bring forth sufficient evidence to

establish a prior offense of violence specification: in violation of appellant's Fifth and Fourteenth Amendment rights.

"5. Whether the trial court committed error prejudicial to appellant where the trial court failed to instruct the trier of facts as to the specification contained in the indictment: in violation of appellant's right to due process of law."

In his first assignment of error, appellant contends that the trial court erred by failing to grant his motion for a default judgment. Although couched in terms of an infringement of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, appellant essentially claims that the court below committed a procedural error. We find that this error, if any, is not of a constitutional magnitude and does not mandate a reversal of the trial court's decision.

■ Appellant filed his petition for postconviction relief on March 14, 1989. R.C. 2953.21(B) does not require a petitioner to serve a copy of the petition on the prosecuting attorney. Rather, that portion of the statute provides that "the clerk of court in which the petition is filed immediately shall forward a copy of the petition to the prosecuting attorney." This was not done.

Appellant filed a motion for default judgment pursuant to Civ.R. 55(A) on May 8, 1989. On that same date, the court below, by judgment entry, ordered that notice of appellant's petition be served upon the prosecutor. The state subsequently timely filed its motion to dismiss. Under these circumstances, the granting of a default judgment would have been inappropriate.

■ While we agree with appellant's characterization of an action for postconviction relief as a civil proceeding, this court has previously found that this remedy, which provides collateral relief for those convicted of a criminal offense, is purely statutory in nature and the procedure to be followed is controlled by R.C. 2953.21. *State v. Utley* (Jan. 13, 1989), Lucas App. No. L–88–009, unreported, at 10, 1989 WL 1613.

R.C. 2953.21 provides that the prosecuting attorney shall respond by answer or motion. Nevertheless, there is no provision for a default judgment. A recent Supreme Court of Ohio decision involving a denial of a petition for writ of mandamus in which the petitioner requested that this court order the prosecutor to file an answer indicates that the proper procedure in such instances would be for a petitioner to request "the trial court to rule on his petition without appellee prosecuting attorney's response." *State, ex rel. Manning, v. Montgomery* (1988), 39 Ohio St.3d 140, 529 N.E.2d 935.

■ We further conclude that even if Civ.R. 55 were applicable to the case *sub judice*, the granting of a default judgment would have been rendered void due to the lack of service upon appellee. The Staff Notes to Civ.R. 55(A) state

that a party seeking a default judgment must set forth facts in its application showing that the adverse party has been served. See, also, *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.* (C.A.3, 1985), 756 F.2d 14. Furthermore, Civ.R. 55(D) expressly provides that no default judgment can be entered against the state unless satisfactory proof of the claim is established by the plaintiff. See, also, *State v. Turner* (Apr. 28, 1981), Franklin App. No. 81AP–64, unreported, 1981 WL 3156. As discussed below, the trial court dismissed appellant's petition, without hearing, for a lack of substantive grounds for relief. See R.C. 2953.21(C); *State v. Cole* (1982), 2 Ohio St.3d 112, 113, 2 OBR 661, 662, 443 N.E.2d 169, 170. Essentially, appellant failed to provide any grounds for relief in his petition. Therefore, a default judgment in his favor was unwarranted. Accordingly, appellant's first assignment of error is found not well taken.

█ Appellant's third, fourth, and fifth assignments of error raise issues which are barred by the doctrine of *res judicata*. In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, at paragraphs seven and nine of the syllabus, the Supreme Court of Ohio held:

"7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

"* * *

"9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis *sic*.)

Appellant's direct appeal was decided by this court on January 16, 1987. Appellant never raised the issues of faulty indictment, insufficient evidence for sentence enhancement, or error in jury instructions in that appeal. These issues could have been raised either at trial or on direct appeal from the judgment of conviction. Their determination rests solely upon evidence which can be found in the trial court record. Appellant has failed to offer any evidence *dehors*, *i.e.*, outside, the record to support his claims. *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823; *Cole, supra*, 2 Ohio St.3d at 114, 2 OBR at 663, 443 N.E.2d at 171; *State v. Smith* (1987), 36 Ohio App.3d 162, 521 N.E.2d 1112. Hence, appellant is now precluded from raising these issues by means of a petition for postconviction relief. *Perry, supra*. See, also, *Cole, supra*, at 113, 2 OBR at 662, 443 N.E.2d at 170; *State*

*v. Duling* (1970), 21 Ohio St.2d 13, 16–17, 50 O.O.2d 40, 42, 254 N.E.2d 670, 673; *State v. Ledger* (1984), 17 Ohio App.3d 94, 17 OBR 156, 477 N.E.2d 643. We therefore conclude the trial court did not err in dismissing appellant's petition on the basis that these issues were barred by *res judicata.* Accordingly, appellant's third, fourth, and fifth assignments of error are found not well taken.

 In his second assignment of error, appellant asserts, for the first time on appeal, the issue of ineffective assistance of *appellate* counsel.[1] This court has repeatedly held that a petition for postconviction relief must be directed to errors which allegedly occurred in the original criminal prosecution. *State v. Murr* (Sept. 1, 1988), Ottawa App. No. OT–88–14, unreported (*"Murr I"*), 1988 WL 242658. See, also, *State v. Murr* (Apr. 26, 1989), Ottawa App. No. OT–88–57, unreported (*"Murr II"*), 1989 WL 260161; *State v. Manning* (June 22, 1988), Wood App. No. WD–88–35, unreported, 1988 WL 242657. As this court stated in *Murr II, supra,* at 1–2:

"It is well-established that R.C. 2953.21 and related sections were expressly designed to allow the sentencing court to test constitutional defects in a *conviction.* See *Olney v. Green* (N.D.Ohio 1965), 247 F.Supp. 368, 369 [8 Ohio Misc. 34, 36, 34 O.O.2d 457, 458]. In other words, a petition for post-conviction relief shall be based solely upon allegations which could make an *original* conviction void or voidable. The allegedly ineffective assistance of *appellate* counsel clearly would not affect the validity of appellant's original conviction; therefore, the issue may not be raised in a petition for post-conviction relief." (Emphasis *sic.*)

See, also, *Freels v. Hills* (C.A.6, 1988), 843 F.2d 958, 964 (a finding of ineffective assistance of appellate counsel does not affect the judgment of conviction). For this reason, appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.

---

1. Appellant argued in his motion to strike appellee's answer that he had been denied effective assistance of *trial* counsel. Although the trial court did not specifically address this issue, appellant was represented by new counsel during his direct criminal appeal and ineffective assistance of his trial attorney could have been raised at that time. Therefore, the doctrine of *res judicata* is applicable to this issue and, absent evidence *dehors* the record to support his claim, appellant cannot attempt to show ineffective assistance of trial counsel in a petition for postconviction relief. *Cole, supra.*