OPINION
Defendant-appellant, Ted Marcum, appeals a decision of the Butler County Court of Common Pleas dismissing his second petition for postconviction relief. We affirm.
On November 15, 1990, appellant was indicted for the offense of complicity to aggravated burglary, an aggravated felony of the first degree in violation of R.C. 2923.03(A)(2), wherein he was charged with aiding and abetting another in committing an aggravated burglary in violation of R.C. 2911(A)(3). On March 7, 1991, pursuant to a negotiated plea agreement, appellant entered a guilty plea to a reduced charge, attempted complicity to aggravated burglary, an aggravated felony of the second degree in violation of R.C. 2923.02(A).
After entry of conviction, a notice of appeal was filed on April 15, 1991. This court dismissed the appeal as being "wholly frivolous." State v. Marcum (Aug. 8, 1992), Butler App. Nos. CA91-04-068 and CA91-05-081, unreported. Appellant's subsequent appeal to the Supreme Court was withdrawn. State v. Marcum (1992), 65 Ohio St.3d 1456.
On November 14, 1994, appellant filed a motion for postconviction relief pursuant to R.C. 2953.21. The trial court denied appellant's petition for postconviction relief in an order dated January 11, 1995. We unanimously affirmed the judgment of the trial court in State v. Marcum (Oct. 30, 1995), Butler App. No. CA95-02-023, unreported. On September 3, 1996, appellant filed a second petition for postconviction relief. The trial court denied appellant's petition for postconviction relief in an order dated November 19, 1996, asserting that the doctrine of res judicata barred appellant from raising new issues which could have been raised in either the direct appeal or the previous petition for postconviction relief. On appeal, appellant submits five assignments of error. We will address appellant's first, second, third and fifth assignments concurrently.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL PLAIN ERROR, WHEN DISMISSING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF: WHEN APPELLANT'S "GUILTY PLEA" TO THE SO-CALLED CRIME OF "ATTEMPTED COMPLICITY" TO "AGGRAVATED BURGLARY" IS NOTHING OTHER THAN BUT A COMMON LAW CRIME, AND NOT A STATUTORILY ENACTED OFFENSE, WHICH IS REQUIRED UNDER THE OHIO REVISED CODE WHEN DEFINING CRIMES AND PENALTIES. THUS, VIOLATING THIS APPELLANT'S FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION(S) 1, 2, 9, 10 AND 20 OF THE OHIO CONSTITUTION; AND IS EQUALLY VIOLATIVE OF SECTIONS 2901.03 AND 2923.02 OF THE OHIO REVISED CODE.
Assignment of Error No. 2:
 POTENTIAL DEFENDANT'S [SIC] MUST BE GIVEN FAIR WARNING OF THE PRECISE NATURE OF PROHIBITED CONDUCT AND THE SEVERITY OF PUNISHMENT FOR THAT CONDUCT. BOTH DUE PROCESS OF LAW AND PUBLIC POLICY CONSIDERATIONS MANDATE THE REVERSAL OF A FELONY CONVICTION, WHERE MEN OF COMMON INTELLIGENCE, MUST GUESS WHETHER CERTAIN PROHIBITED CONDUCT WILL BE DEEMED CRIMINAL.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN DENYING APPELLANT/PETITIONER'S PETITION FOR POSTCONVICTION RELIEF BASED ON THE CLAIM THAT THE PETITIONER WAS MENTALLY INCOMPETENT DUE TO THE INGESTION OF PRESCRIBED DRUGS AND PHYSICAL BRAIN DAMAGE AT THE TIME OF PLEADING GUILTY; THUS VIOLATING THE APPELLANT/PETITIONER'S FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 10, 16 AND 20 OF THE OHIO CONSTITUTION; AND VIOLATING THE POSTCONVICTION RELIEF STATUTE UNDER O.R.C. 2953.21.
Assignment of Error No. 5:
 APPELLANT/PETITIONER'S CONVICTION SHOULD BE REVERSED BECAUSE HIS GUILTY PLEA WAS NOT A VOLUNTARY AND INTELLIGENT WAIVER OF HIS STATUTORY AND CONSTITUTIONAL RIGHTS; NOR DID APPELLANT RECEIVE ADEQUATE AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SEC. 2, 10 AND 16 OF THE OHIO CONSTITUTION.
We will first set forth the applicable law dealing with postconviction relief. R.C. 2953.21 provides in pertinent part:
 (A)(1) Any person convicted of a criminal offense or adjudged a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
A criminal defendant is not automatically entitled to an evidentiary hearing on his postconviction claims. State v. Jackson (1980), 64 Ohio St.2d 107. The petitioner must show that there are substantive grounds for relief that would warrant a hearing based on the petition, the supporting affidavits, and the files and records in the case. Id. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., paragraph nine of the syllabus.
There is an exception to the doctrine of res judicata where the petitioner presents competent, relevant and material evidence dehors the record that was not available to the petitioner in time to support the direct appeal. State v. Lawson (1995),103 Ohio App.3d 307, 315. This evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his constitutional rights. Id.
Where the trial court finds res judicata applicable to a petition for postconviction relief, the reviewing court is required to examine the trial court's actions based upon an abuse of discretion standard. State v. Wilson (Feb. 10, 1988), Summit App. Nos. 13275, 13392, unreported. This review considers whether the trial court's decision, in its refusal to entertain any further postconviction petitions, was erroneous. Id. An abuse of discretion occurs when the court's attitude in unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
A review of the record indicates that appellant's first, second, third, and fifth claims either could have been raised or were raised in his initial appeal or in his first petition for postconviction relief. Therefore, all of these claims are subject to the bar of the doctrine of res judicata. Furthermore, appellant has failed to submit the necessary evidentiary documentation to support his claims. In fact, appellant submitted no evidence dehors the record in support of his petition. Accordingly, appellant's first, second, third, and fifth assignments of error are overruled.
Assignment of Error No. 4:
 APPELLANT/PETITIONER WAS DENIED HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION TO DUE, EQUAL PROTECTION OF THE LAW, AND HIS RIGHT TO REPRESENT HIMSELF, AND IN VIOLATION OF ARTICLE I, SECTION 2, 10, 16 AND 20 OF THE OHIO CONSTITUTION: WHEN THE PROSECUTING ATTORNEY MISTAKENLY OR DELIBERATELY FAILED TO SERVE A COPY OF HIS MOTION OPPOSING APPELLANT/PETITIONER'S PETITION FOR POSTCONVICTION RELIEF UPON THE PETITIONER; THUS, ALSO VIOLATING APPELLANT'S STATUTORY RIGHTS UNDER THE RULES OF OHIO CIVIL RULES OF PRACTICE AND PROCEDURE AND SECTION 2953.21(D) FOR POSTCONVICTION RELIEF REQUIREMENTS.
Appellant argues that he never received a copy of the state's answer and motion to dismiss in response to the filing of his petition for postconviction relief. Appellant argues that if he had received a copy of the motion, he may have filed an "amended pleading" or a motion for summary judgment.
There is a presumption of proper service when the record reflects that the rules pertaining to service have been followed. Raflaski v. Oates (1984), 17 Ohio App.3d 65, 66. The record reveals that the state's "Answer to Defendant's Motion for Postconviction Relief and Motion to Dismiss" contained a certificate of service which stated that a copy of the motion had been sent to appellant by ordinary U.S. mail. Evidence by way of affidavit or sworn testimony indicating that a copy of a motion was never received is sufficient to rebut this presumption. Potter v. Troy (1992), 78 Ohio App.3d 372, 377. Appellant refers to an affidavit in which he alleges that he avers that he never received a copy of the motion to dismiss, but the record does not include such an affidavit.
However, even if we presume such affidavit was filed and that the presumption of service is sufficiently rebutted, appellant's petition was still properly dismissed. Postconviction relief is governed not only by the rules of civil procedure; it is also a statutory remedy governed by R.C. 2953.21. State v. Darden (1989), 64 Ohio App.3d 691, 693. Accordingly, appellant must present the court with a legally sufficient pleading establishing substantive grounds for relief prior to the court granting a hearing on the petition. The issue is therefore whether appellant's inability to respond to the motion to dismiss due to lack of service was prejudicial and, therefore, constitutes a meritorious defense warranting relief from judgment. State v. Spisak (Nov. 21, 1996), Cuyahoga App. No. 70254, unreported, at 11.
While we find persuasive appellant's argument that he should have been given the opportunity to respond to the state's motion to dismiss, appellant has not demonstrated that such a response would have had any bearing on the trial court's decision. This court has determined that appellant has failed to submit sufficient evidentiary documentation to support his claims, and that his claims are barred by the doctrine of res judicata. Therefore, appellant's petition on its face fails to allege facts sufficient to merit postconviction relief. Accordingly, the trial court did not err in dismissing appellant's petition. The fourth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.