OPINION
{¶ 1} Appellant, David A. Wolf, appeals the November 20, 2000 judgment entry of the Lake County Court of Common Pleas, denying his motion for findings of fact and conclusions of law in connection with the trial court's September 12, 2000 judgment entry denying his motion for default judgment.
 {¶ 2} The instant appeal stems from two separate trial court cases, Lake County Common Pleas Case Numbers 90-CR-000475 and 90-CR-000504. The facts of Case Number 90-CR-000475 are as follows: On October 15, 1990, a secret indictment of appellant was filed by the Lake County Grand Jury. The indictment contained three counts: Count One was for aggravated murder, a violation of R.C. 2903.01(A); Count Two was for murder, a violation of R.C. 2903.02; and, Count Three was for abuse of a corpse, a violation of R.C. 2927.01. On May 23, 1991, a jury found appellant guilty of all three counts. In a June 10, 1991 judgment entry, the trial court sentenced appellant to life imprisonment on Count One, and merged Count Two into Count One. As to Count Three, the trial court sentenced appellant to a term of three to five years. Appellant appealed his convictions to this court. We reversed and remanded on Counts One and Two, the aggravated murder and murder charges, and affirmed on Count Three. State v. Wolf (Dec. 11, 1992), 11th Dist. No. 91-L-096, 1992 WL 366985.
 {¶ 3} On February 14, 1994, pursuant to a second trial, a jury found appellant not guilty of aggravated murder and guilty of murder. In a February 16 judgment entry, the trial court sentenced appellant to serve an indefinite term of fifteen years to life on the murder conviction, to be served consecutive to his sentence for abuse of a corpse, and consecutive to his sentence in Lake County Common Pleas Court Case Number 90-CR-000504. Appellant once again appealed his conviction. In State v. Wolf (Jan. 31, 1997), 11th Dist. No 94.-L-047, 1997 WL 374307, we affirmed the trial court's decision.
 {¶ 4} The indictment in case number 90-CR-000504 was filed on October 26, 1990. The Lake County Grand Jury indicted appellant on nine counts of rape, six counts of kidnapping, and one count of child endangering. Count Three of the indictment, which was for rape, was ultimately dismissed. On August 19, 1993, a jury returned a verdict of guilty on the remaining fifteen counts. In an August 30, 1993 judgment entry, the trial court noted that Counts Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen for kidnapping were allied offenses of Counts One, Two, Four, Five, Six, Seven, Eight, and Nine for rape, and merged the kidnapping counts into the respective rape counts. The court then imposed six consecutive life sentences, two concurrent life sentences, and a concurrent six month sentence on appellant. Appellant appealed. We affirmed the trial court's decision in State v. Wolf (Dec. 30, 1994), 11th Dist. No. 93-L-151, 1994 WL 738805.
 {¶ 5} On February 2, 2000, appellant filed the following motions in both cases: "Motion for Permission to File Petitions for Post Conviction Relief," "Motion for Permission to Submitt [sic] Interrogatories," and "Motion for Assignment of Private Counsel." Although the motions referenced both trial court cases, they constituted a single set of motions presenting a single set of arguments for both cases, as opposed to two sets of unique motions presenting different arguments for each case; therefore, for purposes of this opinion they will be treated as a single set of motions.
 {¶ 6} In a March 10, 2000 judgment entry, the trial court treated appellant's "Motion for Permission to File Petitions for Post Conviction Relief" as a petition for post-conviction relief. (Appellant's "Motion for Permission to File Petitions for Post Conviction Relief" will hereafter be referred to as his "petition for postconviction relief.") The trial court noted that appellant had until September 21, 1996, to file his petition for post-conviction relief, unless he could show that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim for relief. Because appellant failed to make a showing of unavoidable delay, the trial court denied his petition for post-conviction relief. On the basis of this denial, the trial court determined that appellant's motions for appointment of private counsel and for permission to submit interrogatories were moot.
 {¶ 7} On May 18, 2000, subsequent to the trial court's judgment entry denying appellant's February 2, 2000 motions, appellant filed a "Motion for Default Judgment," which was premised on the fact that the state had not responded to his February 2, 2000 motions. In a September 12, 2000 judgment entry, the trial court denied appellant's motion for default judgment. On October 5, 2000, appellant filed a "Motion for Finding [sic] of Facts [sic] and Conclusions of Law." In a November 20, 2000 judgment entry, the denied appellant's motion as moot.
 {¶ 8} Appellant has filed a timely appeal and assigns the following error:
 {¶ 9} "The trial court erred by denying appellant's motions for default [judgment] without issuing findings of fact and conclusions of law to the prejudice of [appellant]."
 {¶ 10} Appellant contends that the trial court erred in treating his May 18, 2000 motion as a motion for default judgment. He argues that the May 18, 2000 motion should have been treated as a petition for post-conviction relief.
 {¶ 11} The text of appellant's motion is as follows:
 {¶ 12} "Now comes [appellant] Pro se to respectfully request that this honorable Court now Issue a Default Judgment on All Motions shown filed [February 2, 2000] against the State in the above stated matters pursuant to Civil Rule 55(D).
 {¶ 13} "As the record shows that the Lake County Prosecuting Attorney has now had well over 90 Days to have filed a Response to those 3 Motion's [sic] filed by [appellant].
 {¶ 14} "Therefore [appellant] now respectfully requests that this Court now enter Judgment in favor of [appellant] on All 3 of His requests at this time.
 {¶ 15} "For failure of State Counsel to file a Response to those 3 Motion's in a timely manner now clearly shows that the Lake County Prosecuting Attorney has no Legal Defense for any of the Issue's of Misconduct stated in those Motion's.
 {¶ 16} "Whereas this honorable Court will now find clear and good cause shown in the attached Memorandum in Support, made part herein, to now Issue Judgment in favor of [appellant] at this time."
 {¶ 17} Initially, we must determine whether the trial court properly treated appellant's submission as a motion for default judgment. We would note the following with respect to this determination: (1) appellant specifically referenced Civ.R. 55(D); (2) he noted that more than ninety days had passed since he filed his previous motions, and the prosecutor had not responded, a fact that was relevant only if appellant was seeking default judgment; (3) he asked the trial court to enter a default judgment in his favor; and (4) although the attached memorandum in support of the motion requested that the trial court enter a default judgment on appellant's "Motion for Permission to File Petitions for Post Conviction Relief", the motion itself (as opposed to the memorandum), made no reference to post-conviction relief or R.C. 2953.21. In short, there is little, if any, ambiguity in appellant's motion; he clearly intended to submit a motion for default judgment to the trial court. Therefore, we find no error on the part of the trial court in determining that appellant's motion was, in fact, a motion for default judgment.
 {¶ 18} Although an action for post-conviction relief is a civil proceeding, the remedy is statutory in nature and is governed by R.C.2953.21. State v. Darden (1989), 64 Ohio App.3d 691, 693. R.C. 2953.21(D) provides that "[w]ithin ten days after the docketing of the petition [for post-conviction relief], or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment." Although R.C. 2953.21 allows for summary judgment, it does not contain a provision for a default judgment. Darden, supra, at 693. Therefore, it is well-established that a defendant may not obtain a default judgment in a post-conviction proceeding. Id.; State v. Skelnar (1991), 71 Ohio App.3d 444, 447, citingState v. Binns (Mar. 10, 1988), 10th Dist. No. 87AP-241, 1988 WL 29527;State v. Halliwell (1999), 134 Ohio App.3d 730, 736, citing State v.Roberts (1991), 66 Ohio App.3d 654, 656. When a prosecutor fails to respond to a petition for post-conviction relief, the defendant's remedy is to move for a ruling without the state's response. Halliwell, at 736, citing State ex rel. Manning v. Montgomery (1988), 39 Ohio St.3d 140.
 {¶ 19} In view of the foregoing analysis, it is clear that appellant was not entitled to default judgment on his petition for post-conviction relief. Further, his sole remedy when the state failed to respond to his motions was to move for a ruling without the state's response. However, appellant did not need to pursue this remedy because the trial court ruled on appellant's motions without an answer from the state.
 {¶ 20} Finally, not only was appellant not entitled to seek a default judgment on his petition for post-conviction relief, even if he had had such a right, he did not file his motion for default judgment until May 18, 2000, almost two months after the trial court had ruled on his February 2, 2000 motions. Therefore, not only was appellant seeking a remedy that was not available under R.C. 2953.21, even if a motion for default judgment had been appropriate, the issue was moot. Consequently, we conclude that appellant's sole assignment of error is without merit.
 {¶ 21} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.