OPINION
{¶ 1} Antonio S. Franklin is appealing, pro se, from the denial by the trial court of his second petition for post conviction relief. Franklin advances three assignments of error, as follows:
 {¶ 2} "1. The trial court erred by dismissing appellant's petition and overruling all accompanying motion [sic] on the grounds that he did not satiate [sic] the two prong jurisdictional requirements as pursuant to R.C. § 2953.23(A)(1)(a) and (2).
 {¶ 3} "2. The trial court erred when it failed to issue an evidentiary hearing when evidence warranted it.
 {¶ 4} "3. R.C. § 2953.23 is unconstitutional the trial court erred when it failed to provide an effective remedy due to it's decline to reach the merits of appellant's petition."
 {¶ 5} The facts of this case and the reasoning of the trial court are set forth in its decision and opinion, reproduced below in full:
 {¶ 6} "This matter is before the Court upon the Petitioner's Petition to Vacate or Set Aside Sentence filed on September 16, 2003. The State filed a Motion to Dismiss on October 14, 2003. The Petitioner has filed seven (7) Motions for Leave to Amend His Petition to Vacate or Set Aside Judgment and/or Sentence on the following dates: October 20, 2003, October 24, 2003, November 3, 2003, November 6, 2003, November 10, 2003, February 2, 2004, and August 17, 2004. In addition, the Petitioner filed a Reply Motion to Plaintiff's Motion to Dismiss on October 29, 2003, and a Reply Motion to Plaintiffs [sic] Motion to Dismiss on November 3, 2003.
 {¶ 7} "The Petitioner also filed a `Motion for Discovery, etc.,' on September 16, 2003, a `Motion for Appointment of Counsel' on October 20, 2003 and a `Motion for an Evidentiary Hearing' on October 24, 2003.
 {¶ 8} "Facts
 {¶ 9} "Antonio Franklin (hereinafter `Petitioner') was convicted by a jury on August 21, 1998, for the murder of his grandparents and his uncle and on several counts for other serious felonies, including aggravated arson and aggravated robbery. For a full account of the facts of this case, See Decision, Order, and Entry Sustaining Plaintiff-Respondent's Motion for Summary Judgment (Aug. 23, 2001) which was the Court's determination of Franklin's original Petition for Post-Conviction Relief. The Petitioner was sentenced to death on the six counts of aggravated murder, and to substantial prison terms for the other nine counts of the indictment on which he was found guilty. Approximately two months prior to trial, the Court found the Petitioner competent to stand trial. See Decision, Order, and Entry (June 3, 1998). In that decision, the Court explained that the Court ordered the Petitioner to be evaluated, but the Petitioner refused to be evaluated twice. The Petitioner then requested that he be examined by Eugene S. Cherry, PH.D. Dr. Cherry did evaluate the Petitioner and filed a report with the Court. Thereafter, the State requested and was granted an examination by Thomas O. Martin, Ph.D., who also filed a report with the Court. The Court conducted a hearing on the matter on May 21, 1998, at which Dr. Cherry and Dr. Martin testified. The Court concluded that the Petitioner had failed to overcome the presumption that he was competent to stand trial.
 {¶ 10} "The Petitioner filed a Motion for a New Trial on September 3, 1998. The Court overruled the Petitioner's Motion for a New Trial on September 24, 1998. On October 9, 1998, the Petitioner's case was appealed to the Ohio Supreme Court. The Petitioner filed a Post-Conviction Petition on a Capital Case on August 9, 1999. In response, the State filed a Motion for Summary Judgment on November 16, 1999. As previously indicated, the Court sustained the State's Motion for Summary Judgment on August 23, 2001. The Summary Judgment granted by this Court was affirmed by the Court of Appeals of Montgomery County on May 17, 2002. See Statev. Franklin, Montgomery App. No. 19041, 2002-Ohio-2370. The Ohio Supreme Court affirmed the direct appeal of the Petitioner's judgment and sentence on December 23, 2002. The Petitioner filed a Petition to Vacate or Set Aside Sentence on September 16, 2003, which is the motion presently before the Court.
 {¶ 11} "Standard of Review
 {¶ 12} "`[A] postconviction proceeding is not an appeal from a criminal conviction but, rather, a collateral civil attack on the judgment.' State v. Calhoun (1999), 86 Ohio St.3d 279, 281. Although an action for post-conviction relief is civil, not criminal, such proceedings are purely statutory in nature and the procedure to be followed is controlled by R.C. § 2953.21. State v. Darden (1989),64 Ohio App.3d 691, 693. Postconviction relief is warranted only if there was such a denial or infringement of a person's rights as to render the conviction void or voidable under the Ohio or Federal Constitutions. R.C. § 2953.21(A)(1); State v. Perry (1967), 10 Ohio St.2d 175, 179.
 {¶ 13} "For a court to consider a successive petition for post conviction relief, the petitioner must satisfy a two prong jurisdictional requirement. See R.C. 2953.23(A). Even if a petitioner can satisfy the jurisdictional requirements of R.C. 2953.23 with respect to a successive petition for post conviction relief, the doctrine of res judicata may act to bar petitioner's claims for relief. `Under the doctrine of res judicata a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on appeal from that judgment.' State v. Perry
(1967), 10 Ohio St.2d 175. In cases where the same questions are raised in the post conviction petition as well as on direct appeal and the appeal is still pending, it is the appeal which will adjudicate the merits of the claims raised in the post-conviction proceeding. Id. at 182.
 {¶ 14} "However, if evidence offered outside the record demonstrates that the petitioner could not have appealed the constitutional claim based on information in the original record, then res judicata does not act to bar consideration of the issue. State v. Lawson (1995),103 Ohio App.3d 307, 315. This evidence must be admissible evidence.State v. Patterson (Sept. 23, 1999), Franklin County App. No. 98AP-1369. In instances when the defendant has raised the same issues in both a post conviction relief and on direct appeal, if the issues can only be determined from the matters outside the record, then the issue may be decided by the trial court. See State v. Houston (Feb. 26, 1998), Cuyahoga App. No. 72383.
 {¶ 15} "Law and Analysis
 {¶ 16} "The Defendant's petition for post-conviction relief challenges the constitutionality of R.C. 2953.23(A)(2) and argues that he was suffering from schizophrenia, which prevented him from disclosing facts to his counsel during his trial and the sentencing phase. The Petitioner then sets forth sixteen claims for relief, all of which relate either to claims of ineffective assistance of counsel, or that the Petitioner was improperly adjudged competent to stand trial. The Petitioner essentially argues that he was mentally infirm and unable to disclose information to his counsel and as a result, his counsel rendered ineffective assistance. The requirements of R.C. 2953.23 must be satisfied before the Court can examine these claims.
 {¶ 17} "Jurisdictional Requirements of R.C. 2953.21
 {¶ 18} "If a petition for post-conviction relief pursuant to R.C. §2953.21 is filed more than one hundred eighty days after the date on which the trial transcript is filed in the Supreme Court in cases where the direct appeal involves a death sentence, or if the petition is a successive petition for similar relief, the court may not entertain such petition unless the petitioner satisfied a two prong test. The petitioner must 1) show that he or she `was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right,' and 2) must show by `clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.' R.C. 2953.23.
 {¶ 19} "The Petitioner argues that he was `suffering from a mental disorder and incompetent to stand trial' and as such, was unable to assist in his defense. In addition, the Petitioner argues that he has offered evidence to support his claims that he was incompetent to stand trial and therefore was unavoidably prevented from discovering the evidence he now offers. The issue of the Petitioner's competence to stand trial was decided conclusively by the trial court and the revisited by the Ohio Supreme Court. The issue was also considered in the original Post-Conviction Relief Motion at the trial level and in the Court of Appeals. The Supreme Court declined to accept another appeal. The Court of Appeals stated `Whether the trial court erred in concluding Franklin was competent to stand trial must be ascertained from the record. The fact that Franklin is now submitting affidavits from people who disagree with the trial court's decision in that regard does not save this claim from the application of res judicata.' Montgomery App. No. 19041, 2002-Ohio-2370, at ¶ 18. Accordingly, Franklin's argument, that because of his alleged prior incompetency he was unable to previously discover the errors he now raises, must fail.
 {¶ 20} "The Petition is untimely and the Petitioner's claims for relief have already been raised in his first Petition for Post-Conviction Relief. Therefore, the Court must dismiss the Petition.
 {¶ 21} "Constitutionality of R.C. 2953.23(A)(2)
 {¶ 22} "The Court is not required to proceed further; however, the Petitioner argues that R.C. 2953.23(A)(2) is unconstitutional both facially and as applied to his case. Specifically, the Petitioner claims that R.C. 2953.23(A)(2) is arbitrary, unreasonable, and denies a successive post-conviction petitioner his rights under Article I § 16 of the Ohio Constitution and violates the Supremacy Clause, Separation of Powers, and violates the due course of law and open courts provision of Article I § 16 of the Ohio Constitution. For the reasons that follow, the Court finds no merit in either of these contentions.
 {¶ 23} "The Twelfth District Court of Appeals has addressed the constitutionality of R.C. 2952.23(A)(2) and concluded that the statute `complies with the supremacy clause, with the doctrine of separation of powers, and with the `open courts' and `due course of law' provisions of both the Ohio and United States Constitutions. It is facially constitutional.' State v. McGuire (Apr. 23, 2001), 12th Dist. No. CA2000-10-011.
 {¶ 24} "Motions to Amend Petition
 {¶ 25} "In making the decision herein, the Court has considered each exhibit the Petitioner has submitted with his various Motions to Amend. None of those submissions change or alter the Court's determination that Antonio Franklin has failed to demonstrate he was unavoidably prevented from raising the arguments he now presents when he filed his first Petition for Post-Conviction Relief. In fact, most of them are a rehash of the same arguments. Because the Court has considered the exhibits to the various Motions to Amend, the Motions to Amend are moot.
 {¶ 26} "Motions for Discovery, Expert Assistance, Appointment of Counsel and for Evidentiary Hearing
 {¶ 27} "Due to the Court's rulings herein on the Petition to Vacate and Set Aside Judgment, including amendments, and the Court's determination that the Petitioner has failed to present any evidence to suggest to the Court that further investigation, inquiry, money, assistance of counsel or evidentiary hearing is warranted, each of those Motions are overruled.
 {¶ 28} "Conclusion
 {¶ 29} "The Petition to Vacate or Set Aside Sentence is DISMISSED and all accompanying Motions before the Court are OVERRULED.
 {¶ 30} "So Ordered."
 {¶ 31} The trial court correctly decided the issues raised by Franklin on appeal, as well as others raised to the trial court.
 {¶ 32} We hereby approve the decision of the trial court and adopt it as our own. All three assignments of error are overruled and the judgment is affirmed.
Brogan, P.J. and Fain, J., concur.