ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} In these consolidated appeals, petitioner Daries Sherrills appeals from the trial court's denial of his petitions for post-conviction relief in lower court case nos. 21925 and 22530. For the reasons set forth below, we affirm.
 {¶ 2} Petitioner was convicted of robbery in case no. 21925. The conviction was affirmed upon direct appeal. See State v. Sherrills (March 17, 1988), Cuyahoga App. No. 53535. Petitioner filed a petition for post-conviction relief which was denied on May 29, 1991. He filed a motion for reconsideration which was denied in January 1997. On March 16, 2001, he filed another petition for post-conviction relief. On December 4, 2004, this motion was denied by the trial court.[1] Petitioner appeals herein.
 {¶ 3} Petitioner was convicted of aggravated burglary in case no. 22530. This conviction was affirmed on direct appeal. See State v.Sherrills (April 7, 1977), Cuyahoga App. No. 35912. Petitioner filed a petition for post-conviction relief which was denied on May 29, 1991. He filed a motion for reconsideration which was denied on January 14, 1997. On March 16, 2001, he filed another petition for post-conviction relief. On December 4, 2004, this motion was denied by the trial court.[2]
Petitioner appeals herein.
 {¶ 4} Petitioner now appeals from both orders and assigns four errors[3] for our review in each case.
 {¶ 5} Because petitioner has previously filed petitions for post-conviction relief, we conclude that the claims raised in the instant petitions are barred by res judicata.
 {¶ 6} Pursuant to R.C. 2953.21, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21(A).
 {¶ 7} With regard to successive petitions, the jurisdictional requirements of R.C. 2953.23 must be met:
 {¶ 8} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 9} "(1) Both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 12} Even if a petitioner can satisfy the jurisdictional requirements of R.C. 2953.23 with respect to a successive petition for post conviction relief, the doctrine of res judicata may act to bar petitioner's claims for relief. State v. Franklin, Montgomery App. No. 20716, 2005-Ohio-1361. "Under the doctrine of res judicata a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 13} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C).
 {¶ 14} In determining whether the requirements of R.C. 2953.23 were met herein, we note that petitioner failed to demonstrate that he was unavoidably prevented from discovery of the facts upon which he relied, and failed to demonstrate that a new, retroactive right to release applies to his situation. He also failed to demonstrate by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense.
 {¶ 15} With regard to the merits, petitioner appears to assert that the Juvenile Court Division was properly vested with subject matter jurisdiction. Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. United States v. Cotton (2002),535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; State ex rel. TubbsJones v. Suster, 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002;Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Under R.C. 2152.03, when a child is arrested under any charge, proceedings regarding such child shall be initially held in the juvenile court. R.C. 2152.12 and Juv.R. 30 provide a narrow exception to this rule and provide for a bindover procedure whereby a juvenile court may transfer a case involving an alleged delinquent child to the court that would have had jurisdiction of the offense if it had been committed by an adult.
 {¶ 16} In this matter, however, petitioner has failed to present evidence to establish a cognizable claim for relief. The record demonstrates that petitioner, whose date of birth is 04/09/1957, was bound over and indicted on 9/24/1975 in connection with case no. 21925. The record further demonstrates that he was bound over and indicted on 11/04/1975 in connection with case no. 22530.
 {¶ 17} Accordingly, there is no basis in the record to conclude that the general division was without jurisdiction over the instant offenses.
 {¶ 18} The trial court therefore properly denied the petitions for post-conviction relief, and the matters are affirmed.
 APPENDIX
Petitioner's assignments of error are:
I. Motion to dismiss indictment for lack of subject matter jurisdiction on constitutional grounds appellant while still under the jurisdiction of the Juvenile Court R.C. 2151.25; 2151.355(ii)(4); 2151.26(e) and Juvenile Rule 29 and 30 and violation of Sixth Amendment and Fourteenth Amendment right under the Constitution for counsel's failure to raise the issue that the Common Pleas Court lacked subject matter jurisdiction due to the Juvenile Court's failure to relinquish jurisdiction of the juvenile.
II. The trial court committed plain error in failure to grant evidentiary hearing.
III. The trial court committed plain error in failure to grant order for transcripts pursuant to Criminal Rule 22.
IV. Trial court denied appellant due process and equal protection of the law in failure to grant summary judgment were [sic] state acquiescence to truth of claim by failure to respond pursuant to Civil Rules 54(A) and (B) and 55(A) and (B) and Civil Rule 8(D) and plain error in not giving reason for denial.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Kilbane, J., Concur.
[1] The court's journal entry indicates that defendant's motion "for summary judgment is denied." Since no summary judgment motion was pending, and the only pending documents were defendant's motion for relief from judgment, and his affidavit of indigency, we shall treat the court's journal entry as a denial of the petition for post-conviction relief.
[2] Again, the court's journal entry indicates that defendant's motion "for summary judgment is denied." Since no summary judgment motion was pending, and the only pending documents were defendant's motion for relief from judgment, and his affidavit of indigency, we shall treat the court's journal entry as a denial of the petition for postconviction relief.
[3] See Appendix.