THE STATE OF OHIO, APPELLEE, *v.* LEDGER, APPELLANT.

(No. 47408—Decided April 30, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

ANN MCMANAMON, J. This is an appeal from the dismissal by the trial court of petitioner-appellant Michael Ledger's petition for postconviction relief.

Ledger was convicted of aggravated murder (R.C. 2903.01) and sentenced to life imprisonment. His conviction was affirmed by this court in *State* v. *Ledger* (Dec. 13, 1979), Cuyahoga App. No. 39782, unreported. Thereafter, appellant's motion for leave to appeal was denied by the Ohio Supreme Court.

On June 29, 1980 appellant filed his petition for postconviction relief with the trial court[1] pursuant to R.C.

---

[1] Appellant previously dismissed an identical petition on February 20, 1979.

2953.21. The state responded with a motion for summary judgment in which it was contended that the issues raised in the petition were barred by *res judicata* or were unsupported by evidence, either in the record or submitted with the petition.

On July 26, 1983 the state's motion was granted and appellant's petition dismissed. Findings of fact and conclusions of law were filed by the court as required by R.C. 2953.21. Appellant has brought a timely appeal from that dismissal, citing four assignments of error:

## I

"The court committed prejudicial error in stating that the trial transcript must be submitted in connection with the post-conviction proceedings."

## II

"The court erred in not granting post-conviction relief to the defendant as counsel failed to preserve errors at the trial of this case by making proper objections."

## III

"The court committed prejudicial error in not granting an evidentiary hearing to the defendant."

## IV

"The court commited [*sic*] prejudicial error in dismissing the post-conviction petition by using an unconstitutional standard."

For the purposes of this discussion we will disregard the order of assignments as set forth in appellant's brief.

## I

Michael Ledger argues in his third assignment of error that the court erred in not granting him an evidentiary hearing on his petition for postconviction relief.

This assignment of error is not well-taken.

R.C. 2953.21 provides for postcon-viction relief for any defendant "claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." The first step in obtaining relief under this section is the filing of a verified petition with the sentencing court, which states the grounds for relief relied upon.

R.C. 2953.21 provides in pertinent part that, once the petition has been filed:

"(A) * * * The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

"* * *

"(C) *Before granting a hearing* the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * * If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal.

"(D) Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by demurrer, answer, or motion. Within twenty days from the date the issues are made up either party may move for summary judgment * * *. The right to such judgment must appear on the face of the record.

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact

and conclusions of law upon entering judgment thereon." (Emphasis added.)

These provisions do not mandate a hearing for every postconviction relief petition and such a hearing is not automatically required. The Ohio Supreme Court in *State* v. *Lester* (1975), 41 Ohio St. 2d 51 [70 O.O.2d 150], paragraph two of the syllabus, interpreted R.C. 2953.21 and the necessity for a hearing as follows:

"R.C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."

As recognized in *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, 110 [18 O.O.3d 348], "the pivotal concern [under R.C. 2953.21] is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit [or other documentary evidence], and the files and records of this cause."

In support of appellant's cause, only the verified petition for relief was submitted to the trial court. In this document, appellant alleges numerous constitutional infirmities: that he was arrested without a warrant; that the pretrial and trial identification processes were tainted; that evidentiary and procedural errors were committed at trial; and that he was denied his right to the effective assistance of counsel.

Matters which have been or should have been raised on direct appeal may not be considered in postconviction proceedings. Paragraphs seven and nine of the syllabus of the Supreme Court's opinion in *State* v. *Perry* (1967), 10 Ohio St. 2d 175 [39 O.O.2d 189], recognize this proposition:

"Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

"* * *

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.)

See, also, *State* v. *Ishmail* (1981), 67 Ohio St. 2d 16 [21 O.O.3d 10].

A review of the allegations contained in appellant's petition demonstrates that, except for the claim regarding effective assistance of counsel, all of appellant's claims were considered in the twenty-four assignments of error previously raised by appellant on direct appeal. See *Ledger, supra.*

Appellant was consequently not entitled to a hearing on those matters and, to that extent, a hearing concerning those claims was properly denied by the trial court.

The sole issue remaining in this assignment of error is whether appellant was entitled to a hearing on his allegations regarding effective assistance of counsel. Although it is not clear from appellant's petition or his argument on appeal, appellant seems to be suggesting in this assignment that the two lawyers who represented him at trial were ineffective because of their failure to file some unspecified pretrial motion. Appellant also appears to sug-

gest that his petition raises other matters *dehors* the record.

As set forth in the syllabus to *Jackson, supra*:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

See, also, *State* v. *Kapper* (1983), 5 Ohio St. 3d 36, and *State* v. *Pankey* (1981), 68 Ohio St. 2d 58 [22 O.O.2d 262].

In the instant case, it is apparent that by merely submitting a verified petition, appellant has failed to comply with *Jackson, Kapper* and *Pankey.* Moreover, appellant's petition is replete with broad assertions and allegations concerning defense counsel's alleged incompetency. It is also recognized in *Jackson* at 111-112:

"Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera* v. *United States* (C.A. 9, 1963), 318 F.2d 606.

"* * *

"Post-conviction relief is a remedy sought by a defendant who has been tried to a jury and found guilty beyond a reasonable doubt on each element of the offense charged and who has already gone through the crucible of appeal from that judgment.

"Therefore, in the interest of judicial economy and efficiency, it is not unreasonable to require the defendant to show prejudicial factors in his petition for post-conviction relief before a hearing is scheduled.

"Furthermore, if we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless. R.C. 2953.21(D), which states that 'the prosecuting attorney shall respond by demurrer * * * or motion,' would be useless verbiage if, in practice, every petition submitted were granted a hearing regardless of the adequacy of the claim."

Further review of the record reveals that appellant was represented by new counsel upon his previous direct appeal to this court.[2] Under that circumstance the Ohio Supreme Court has held in *State* v. *Cole* (1982), 2 Ohio St. 3d 112, syllabus:

"Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief. (*State* v. *Hester,* 45 Ohio St. 2d 71 [74 O.O.2d 156], modified.)"

Thus, under *Cole,* where the issue of counsel's competency is capable of determination from the record, a defendant who is represented by new counsel on direct appeal must then raise that issue, or the doctrine of *res judicata* will bar its further judicial consideration.

## II

We note that appellant also alleges incompetency of counsel at trial as the basis of his second assignment of error. Appellant contends that his lawyers' incompetency is demonstrated in the record by their failure to object to claimed

_____

[2] That counsel also represents appellant on this appeal.

procedural and evidentiary errors at trial. That being the case, it is clear that the issue of incompetency of counsel was an issue that had to be raised on direct appeal, or the issue would be *res judicata* in any subsequent proceeding brought by appellant. See *Cole, supra.*

For the foregoing reasons we find that appellant failed to set forth any adequate grounds upon which he would be entitled to postconviction relief on his Sixth Amendment claim. Accordingly, appellant was not entitled to any evidentiary hearing prior to the dismissal of his petition and no error was committed by the trial court in denying such.

Appellant's second assignment of error is without merit.

### III

In appellant's fourth assignment of error he argues that the court erred in dismissing his petition for failure to comply with *Jackson, supra.* As noted, this case imposes an initial burden on the defendant to demonstrate that the defense was prejudiced by counsel's ineffectiveness before he is entitled to an evidentiary hearing. Appellant contends that *Jackson* is unconstitutional because "the requirement that there be prejudice shown is clearly contrary to pronouncements both by the United States Supreme Court and * * * the Court of Appeals for the Sixth Circuit." In support of this assignment appellant cites *Cuyler* v. *Sullivan* (1980), 446 U.S. 335, and *Beasley* v. *United States* (C.A. 6, 1974), 491 F.2d 687.

Appellant's reliance on these cases is misplaced. Neither of them involves the issue of the constitutionality of placing an initial burden on a defendant to show prejudice from ineffective assistance of counsel.

*Beasley* deals with the court's formulation of a general standard that should be utilized in testing a defendant's Sixth Amendment claim. *Beasley,* it should be noted, has been cited with approval by the Ohio Supreme

Court in *State* v. *Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156], one of that court's leading cases on the issue of effective assistance of counsel.

*Cuyler, supra,* concerns the issue of multiple representation as it pertains to a defendant's right to effective assistance of counsel. At page 350 of the opinion in *Cuyler* it is held:

"* * * [T]hat the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance."

This holding makes it clear that a criminal defendant may in fact be constitutionally imposed with the burden of demonstrating some actual prejudice before he is entitled to a hearing on his claim.

This assignment of error is without merit.

### IV

In appellant's first assignment of error he argues that the trial court committed prejudicial error in stating that the transcript must be submitted with a petition for postconviction relief. Appellant claims that the court did not consult the existing trial transcript as required by R.C. 2953.21(C) before it dismissed his petition.

It is recognized that in the absence of some demonstrated error an appellate court must presume regularity in the proceedings below. See *State* v. *Edwards* (1952), 157 Ohio St. 175 [47 O.O. 122]. Appellant claims that the error raised here is demonstrated by paragraph seven of the court's conclusions of law which states:

"Petitioner has failed to meet his burden in this proceeding. Petitioner does not include any portions of the trial record or other evidentiary documents to support his claim. Petitioner's affidavit contains broad assertions without supportive operative facts. Thus

there can be no finding that the defense was prejudiced by counsel's conduct and an evidentiary hearing is not warranted."

However, in citing paragraph seven, appellant has overlooked paragraph one of the conclusions of law in which the court clearly recognizes the duties imposed on it by virtue of R.C. 2953.21(C), and conclusion eight, in which the court indicates compliance with this section, including review of the record:

"The Court finds, upon review of petitioner's allegations and the record in this case, that there are no substantial grounds for relief."

Accordingly, this assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and PATTON, J., concur.