THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

(No. C-860174—Decided February 11, 1987.)

Richard A. Castellini, city solicitor, Paul J. Gorman, city prosecutor, and Frank H. Prouty, Jr., for appellee.

Robert W. Cettel, for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On March 7, 1984, appellant, Keesh Edwards, was convicted of operating a motor vehicle without a license and was sentenced as follows: one hundred eighty days' imprisonment, suspended; three years' probation; a fine of $500; and a ten-year driving suspension. On March 16, 1984, the trial court granted appellant's motion to modify that sentence, ordering that the $500 fine be remitted and that appellant's driving privileges be restored, subject to the requirement that he carry liability insurance in an amount not less than $100,000 to $300,000 and property damage insurance in an amount not less that $50,000.

In response to another of appellant's motions to modify the sentence, on February 6, 1986 the court ordered that appellant's driving privileges be restored, subject to the same requirement as to insurance. By this order the insurance requirement was made to be a

condition of probation, which was extended to February 6, 1989.

In this appeal from the court's second modification order, appellant presents three assignments of error. The first assignment of error asserts that the trial court erred by suspending appellant's driver's license for ten years. However, counsel for both parties conceded during oral argument that this assignment is no longer of any vitality since the ten-year suspension was eliminated by the court's first modification of the sentence. Accordingly, we overrule the first assignment of error.

In the second assignment of error, appellant argues that the trial court abused its discretion by requiring him to carry insurance in an amount that exceeds the financial responsibility provisions of R.C. Chapter 4509. We disagree.

Any person who applies for an operator's license or for registration of a motor vehicle must sign a statement that he or she will not operate that vehicle without maintaining proof of financial responsibility. R.C. 4507.212 and 4503.20. "Proof of financial responsibility" is defined in R.C. 4509.01(K) as follows:

" 'Proof of financial responsibility' means proof of ability to respond in damages for liability * * * arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."

The provisions set forth above specify only the minimum amount of insurance that must be maintained by owners and operators of motor vehicles. There is no provision that prevents a court from imposing as a condition of probation in an appropriate case a requirement that a defendant carry insurance in an amount greater than the statutory minimum.

In the present case, the record does not reveal any of the factual circumstances surrounding appellant's conviction, his original sentence or either of the two modifications of that sentence. In the absence of some demonstrated error, an appellate court must presume regularity in the proceedings below. See, *e.g.*, *State* v. *Ledger* (1984), 17 Ohio App. 3d 94, 17 OBR 156, 477 N.E. 2d 643. Accordingly, we presume that the trial court had before it a proper factual foundation to support each of its modification orders imposing the challenged insurance requirement.

We therefore conclude that the trial court had the discretion to require appellant to carry insurance in an amount exceeding the statutory minimum, and that there has been no demonstration that the amount of insurance required by the court's second modification order constituted an abuse of that discretion. The second assignment of error is overruled.

The third assignment of error, alleging that the trial court abused its discretion with a harsh and unusual punishment, is subsumed by our disposition of the second assignment of error and it is therefore overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and KLUSMEIER, JJ., concur.