872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William John TRAPP, Plaintiff-Appellant,
v.
Richard P. SEITER, Arthur Tate, Jr., Supt., Keith Ault, Sgt.
Bond, Defendants-Appellees.
 No. 88-3805.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 William John Trapp, a pro se Ohio state prisoner, appeals from the district court's entry of summary judgment in favor of defendants in his civil rights suit filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Trapp sought monetary damages in this suit against officials and employees of the Ohio Department of Rehabilitation and Correction, alleging that they denied him the right to send out legal mail on December 3, 1986, because he had no funds in his prison account. Defendants submitted evidence that Trapp did have a positive balance in his account on that date, and moved for summary judgment. Plaintiff countered that he should not have been denied mailing privileges if he had funds available. He also alleged a similar occurrence on April 28, 1988.
 
 
 3
 Upon consideration, we conclude that although some questions of fact remain concerning defendants' policy regarding legal mail and its implementation, they are not genuine issues of material fact, and do not preclude affirmance of the summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The record shows that on December 3, 1986, plaintiff was attempting to mail a "Notice of Withdraw" of his criminal appeal, in order to pursue post-conviction relief. However, post-conviction relief is not available in Ohio until conventional appellate relief has been pursued, State v. Nichols, 11 Ohio St.3d 40, 463 N.E.2d 375, 377 (1984), and plaintiff would be barred from raising any claims in a post-conviction proceeding which were not presented on direct appeal. State v. Ledger, 17 Ohio App.3d 94, 97, 477 N.E.2d 643, 646-47 (Cuya.Cty.1984). Thus, plaintiff can show no prejudice to his appeal by the failure to mail this document. Similarly, he has not alleged any prejudice to a court case from the incident on April 28, 1988. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.