Appellant, David M. Mahoney, is appealing the trial court's denial of his petition for post-conviction relief without a hearing. For the following reasons, we affirm.
After a jury trial, appellant was convicted of murder and a gun specification. The conviction was affirmed on appeal. Statev. Mahoney(May 16, 1991), Cuyahoga App. No. 240354, unreported. This court's opinion states the following facts:
The victim, Lucell Agee, died at 2:10 a.m. of a gunshot wound to the head. Agee's body was found in a vacant lot, wearing a red jacket. Neighbors who lived next door to the vacant lot testified that they heard someone say, "Give me my money," and then heard gunshots. Floyd Morris testified that he saw a man running, heard shots, and then saw the man fall. Morris saw a man standing next to the same type of car that appellant was driving that night. After the gunshots were fired, the car sped off.
Bill Turner testified that he, appellant and appellant's girlfriend, Sue Yarish, were driving near the intersection of 93rd and Hough: Appellant was driving; Yarish was in the front passenger seat and Turner was in the backseat. Appellant got out of the car and ran after a man. Turner lost sight of appellant. He heard gunshots in the area appellant was heading. Turner got out of the back seat and into the driver's seat. When appellant returned, Turner did not see appellant with a gun.
Sue Yarish testified that she saw appellant get out of the car and chase a man in a red jacket. Yarish lost sight of appellant, and then heard gunshots. When appellant returned, "he said he thought he hit him but he did not know." As they drove away, Yarish saw appellant taking bullets out of a gun. The next day, Yarish saw in the newspaper that someone had been shot and killed at 93rd and Hough. Yarish asked appellant about the shooting, and appellant said, "If I breathed a word to anybody at any time, I'd be deader than his mother." Appellant also mentioned something about Lucell Agee and bad dope.
Gina Drake testified that appellant was with her when the murder was committed.
The trial court conducted a voir dire examination of Sue Yarish to determine whether a common law marriage existed between her and appellant. Yarish testified that she had not lived with appellant for the past two or three years, but she believed they were still married.
On appeal, appellant argued that the trial court erred in permitting appellant's common law wife, Sue Yarish, to testify for the state. This court held that the spousal communication privilege does not apply when the spouses are separated. Appellant did not assert ineffective assistance of counsel. His trial and appellate counsel were the same.
In his petition for post-conviction relief, appellant asserted that: (1) His attorney failed to investigate the common law marriage of appellant and Sue Yarish. (2) Trial counsel failed to properly cross-examine Bill Turner. (3) Trial counsel was aware of two witnesses who would have testified that the man they saw chasing Agee was not appellant. (4) The victim's stepfather was not sequestered before testifying. (5) Counsel failed to get a police report in evidence which showed there was another suspect. (6) The trial court erred in appointing him the same counsel on trial and on appeal.
Appellant' sole assignment of error states:
 THE TRIAL COURT DENIED DAVID MAHONEY ADEQUATE AND MEANINGFUL ACCESS TO COURT, WHEN IT DENIED PROCESSES DUE WHILE SUBSTANTIALLY PREJUDICING HIS RIGHTS TO HAVE TRIAL COURT, ON A POSTCONVICTION ACTION, APPLY LAW TO FACTS AND DETERMINE FROM THE FILES, RECORDS, DOCUMENTS, PETITION AND ASSOCIATED OFFICIAL COURT PAPERS, THAT RELIEF SHOULD OR SHOULD NOT BE GRANTED.
If an issue could have been raised on direct appeal without resort to evidence dehors the record, the doctrine of res judicata
precludes consideration of the issue in a petition for postconviction relief. State v. Cole(1982), 2 Ohio St.3d 112. The issue of whether Sue Yarish should have been permitted to testify is res judicata. Appellant's claims of ineffective assistance of counsel are not res judicata due to the fact that appellant had the same counsel at trial and appeal. See Cole, supra; State v. Lentz
(1994), 70 Ohio St.3d 527.
The petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson(1980), 64 Ohio St.2d 107. To determine whether there are substantive grounds for relief which would warrant a hearing, the court must examine the supporting affidavits, files and records of the case. Id.; State v.Swortcheck(1995), 101 Ohio App.3d 770, 772.
To demonstrate ineffective assistance of counsel, appellant must show: (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington(1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley(1989), 42 Ohio St.3d 136. To demonstrate prejudice, appellant must show, "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra, paragraph three of the syllabus. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland,supra at 694.
Appellant contends his attorney failed to investigate appellant's common law marriage to Sue Yarish. Appellant attached to his motion a 1987 Motion for a Temporary Protection Order and jail records from 1985 and 1986, to demonstrate that appellant and Yarish held themselves out as husband and wife. Counsel was not ineffective for failing to present these documents. Yarish testified that she visited appellant in prison as his wife. She also testified that she filed a domestic violence complaint against appellant within the past year. The documents would have merely been cumulative evidence. See State v. Powell(1991), 90 Ohio App.3d 260,270; State v. Combs(1994), 100 Ohio App.3d 90, 98.
In his brief, appellant asserts that his attorney should have called a sociologist to testify that it is common for lower income people to remain unmarried, so that the woman and her children could continue receiving welfare benefits. Appellant states that the milkman and the grocer would have testified that appellant and Yarish were married. He contends his attorney failed to discover that Yarish had mental problems.
These arguments were raised for the first time on appeal, so this court need not consider them. See State v. Williams(1977),51 Ohio St.2d 112; State v. Howard,(1992), 79 Ohio App.3d 705,708. Also, appellant did not present any affidavits or other evidence to support these allegations. See State v. Jackson, supra.
Moreover, there was not a reasonable probability that the trial court would have found a common law marriage existed had counsel presented a sociologist, testimony from the grocer and milkman and evidence that Yarish was mentally ill.
Appellant asserts that the trial court erred in denying his Motion for Post-Conviction Relief six days after it was filed, so he was deprived of an opportunity to supplement his petition. Appellant was not so deprived because the trial court's decision did not become final until the Findings of Fact and Conclusions of Law were issued one year later. See State ex rel. Ferrell v. Clark
(1984), 13 Ohio St.3d 3. Additionally, appellant does not state what additional evidence he would have submitted.
Appellant contends his counsel was ineffective for failing to cross-examine Bill Turner concerning inconsistencies between his testimony and his written statement to the police. Appellant attached a portion of the transcript showing that three inconsistencies were found. Appellant failed to submit a copy of the entire transcript for this appeal. See State v. Roberts(1991),66 Ohio App.3d 654. In the absence of a complete record, it must be presumed that the inconsistencies were not material and no error occurred. See Id. at 657. It must also be presumed that the trial court consulted the transcript, because the record does not show otherwise. See State v. Ledger(1984), 17 Ohio App.3d 94, 98;State v. Williams(1991), 74 Ohio App.3d 686, 694, cf. State v.Davis(March 11, 1999), Cuyahoga App. No. 72764, unreported.
We note two inconsistencies in Turner's testimony according to the appellate opinion and according to the police report. Turner testified that earlier in the evening, appellant went to a bar. He testified he did not go to the bar, but went to visit his mother. On the police report, Turner said he went to visit friends. At trial, Turner said that he, appellant and Yarish were driving back to his home, but on the police report, it said they were going to Turner's girlfriend's. These two details did not go to the material elements of the charge. There was not a reasonable probability that the result of the trial would have been otherwise had appellant's attorney cross-examined Turner on these minor details.
Appellant asserts that his counsel was ineffective for failing to interview and call two witnesses, who would have testified that the man they saw chasing the victim was not appellant. These two witnesses, Williams and Jones, said that the shooter got into a blue Chevy, and the Chevy drove off. These witnesses met appellant in prison sometime after the murder.
The trial court's Findings of Fact and Conclusions of Law state that this evidence was not sufficient to undermine confidence in the outcome of the trial. Turner and Yarish testified that appellant was chasing the victim. Yarish testified that appellant made incriminating statements. There is no indication that Turner and Yarish lacked credibility or had any motive to testify falsely. We cannot say that the trial court erred in determining that there was no reasonable probability that the result of the trial would have been different had these witnesses testified.
Appellant asserts that the victim's stepfather was not sequestered, yet was permitted to testify. Two days into the trial, the stepfather realized that he had relevant testimony to offer. Counsel did not object or move for a mistrial. There is no transcript available to confirm these facts, or to reveal the contents of the stepfather's testimony. It is not clear that the stepfather benefitted from hearing the prior testimony. Also, the opinion on direct appeal does not mention any testimony by the stepfather, yet found that the conviction was not against the manifest weight of the evidence. Appellant has not demonstrated that he was prejudiced by counsel's failure to object to this witness.
Appellant contends his counsel erred by failing to call a police officer who wrote a report indicating that someone else was a suspect. The trial court would not allow the police report in evidence, on the grounds of hearsay. Appellant did not attach a copy of said police report to his motion for post-conviction relief. The police report is not on the record before this court.
Appellant does not present any evidence connecting the suspect to the murder. The suspect could have been a false lead. Thus, appellant has not demonstrated a reasonable probability that the result of the trial would have been different had this police report been in evidence. See Strickland v. Washington(1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley(1989),42 Ohio St.3d 136; State v. Houston(Feb. 26, 1998), Cuyahoga App. No. 72383, unreported.
Finally, appellant contends the trial court erred in appointing his trial counsel as his appellate counsel. Post-conviction relief is not a proper remedy for the alleged ineffectiveness of appellate counsel. See State v. Murnahan(1992), 63 Ohio St.3d 60.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., AND JAMES D. SWEENEY, J., CONCUR.
 ___________________________________ ANN DYKE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting-brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).