OPINION
{¶ 1} Petitioner-appellant Tony R. Gross appeals the January 5, 2006 Judgment Entry of the Muskingum County Court of Common Pleas dismissing his petition for post-conviction relief. Respondent-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On August 12, 1996, a jury found appellant guilty on two counts of capital murder and four counts of armed robbery. On August 21, 1996, the jury recommended a sentence of death. On September 4, 1996, the trial court accepted the jury's recommendation and imposed a sentence of death.
 {¶ 3} On May 24, 1999, this court affirmed appellant's conviction and sentence. On October 30, 2002, the Ohio Supreme Court affirmed the conviction on all counts, but vacated the death penalty and remanded the matter to the trial court for resentencing.
 {¶ 4} On December 9, 2004, the trial court sentenced appellant to thirty years to life in prison, to run consecutive to all other sentences. Via Judgment Entry of January 10, 2005, the trial court entered judgment reflecting the sentence. Appellant filed an appeal on January 4, 2005.
 {¶ 5} On February 17, 2005, the trial court appointed appellate counsel, and counsel requested an extension of time to submit a brief. Via an Order of February 28, 2005, this Court granted counsel until April 11, 2005 to submit a brief and through March 21, 2005 to supplement the record with transcripts. On April 1, 2005, appellant voluntarily dismissed the appeal.
 {¶ 6} Appellant filed a post-conviction petition on August 26, 2005, and an amended post-conviction brief, instanter on November 10, 2005.
 {¶ 7} On January 5, 2006, the trial court dismissed appellant's post-conviction petition, without hearing. Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT WRONGFULLY DISMISSED THE POST PETITION FOR BEING FILED OUT-OF-TIME ON CLEARLY ERRONEOUS FACTS AND ALLOWED THEM TO SERVE AS BASIS FOR THE DISMISSAL.
 {¶ 9} "II. THE TRIAL COURT ABUSED IT'S DISCRETION BY DISMISSING THE POST CONVICTION PETITION FOR BEING FILED OUT-OF-TIME IN DISREGARD OF THE RECORD, STATE STATUTE, AND THIS COURT'S PRIOR ORDER.
 {¶ 10} "III. THE TRIAL COURT ABUSED IT'S DISCRETION BY PREDICATING AND TAKING ADVANTAGE OF THE INTOLERABLE ACCESS TO LEGAL SERVICES AND MATERIALS WHEN IT DISMISSED THE POST CONVICTION PETITION FOR BEING FILED OUT-OF-TIME WHEN THE VERY CAUSES FOR IT'S "HELD" LATE FILING DATE WERE CITED IN THE PETITION'S 20TH CLAIM FOR RELIEF.
 {¶ 11} "IV. THE TRIAL COURT ERRORED/ABUSED IT'S DISCRETION BY HOLDING CLAIMS 1-19 OF THE POST CONVICTION PETITION HAD BEEN PREVIOUSLY RAISED AND AFFIRMED ADOPTING THE STATE'S DEFENSE, WITHOUT A PER SE REVIEW TO ENFORCE THE IMPLIED APPLICATION OF RES JUDICATA.
 {¶ 12} "V. THE TRIAL COURT ERRORED/ABUSED IT'S DISCRETION BY ALLOWING THE STATE TO PARTICIPATE IN THE POST CONVICTION PROCEEDINGS BY IT'S HOLDING THAT THE RULES APPLICABLE TO IT'S PARTICIPATION WERE BUT DIRECTORY AND NOT MANDATORY; WHEREBY MAKING MOOT, RETROACTIVELY, THE APPELLANT'S MOTION FOR SUMMARY JUDGEMENT [SIC].
 {¶ 13} "VI. THE TRIAL COURT ERRORED/ABUSED IT'S DISCRETION BY DISMISSING AND DISALLOWING THE APPELLANT ANY DISCOVERY, SCIENTIFIC OR MEDICAL EXPERTS, EVIDENTIARY HEARING, COUNSEL OR RIGHT TO DEPOSE WITNESSES."
 {¶ 14} All six of appellant's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 15} Appellant argues the trial court erred in dismissing his petition for post-conviction relief without holding a hearing.
 {¶ 16} In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117,120, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} A petition for post-conviction relief is a means to reach constitutional issues, which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), 86 Ohio St.3d 279,281; State v. Steffen (1994), 70 Ohio St.3d 399, 410. A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition.State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 18} R.C. Section 2953.21 governs petitions for post-conviction relief, stating, in pertinent part:
 {¶ 19} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 20} " * * *
 {¶ 21} "(4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.
 {¶ 22} " * * *
 {¶ 23} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed underdivision (A) of this section, the court shall determine whether thereare substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 24} " * * *
 {¶ 25} "(E) Unless the petition and the files and records of the caseshow the petitioner is not entitled to relief, the court shall proceedto a prompt hearing on the issues even if a direct appeal of the case ispending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
 {¶ 26} (Emphasis added.)
 {¶ 27} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing. State v. Calhoun, 86 Ohio St.3d 279,282, 714 N.E.2d 905, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."Id. at paragraph two of the syllabus. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284, 714 N.E.2d 905 (stating the post-conviction relief statute "clearly calls for discretion in determining whether to grant a hearing").
 {¶ 28} As set forth in the statement of the case, supra, appellant filed a direct appeal from his sentence following the Supreme Court's remand for resentencing on January 4, 2005. The Judgment Entry from which appellant appeals was filed on January 10, 2005. Appellant voluntarily dismissed the appeal on April 1, 2005.
 {¶ 29} RC. 2953.21(A) provides:
 {¶ 30} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the directappeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 31} (Emphasis added.)
 {¶ 32} The trial court concluded appellant's appeal after resentencing was a nullity due to his voluntary dismissal of the same. R.C. 2953.21
required appellant file his post-conviction petition within 180 days after the expiration of the time for filing an appeal, or August 10, 2005. The trial court found appellant filed his petition on November 10, 2005, beyond the permissible time. Accordingly, the trial court dismissed the appeal.
 {¶ 33} Appellant maintains his petition for post-conviction relief was filed on August 22, 2005, not November 10, 2005, the date he filed an amended post-conviction brief, instanter. Appellant asserts the trial court disregarded its February 28, 2005 order extending the time deadline for appellant to supplement the record on his direct appeal. Including this extension, appellant contends the deadline for his filing a petition for post-conviction relief was September 13, 2005, not August 10, 2005.
 {¶ 34} We disagree with appellant's argument. As set forth above, 2953.21(A) clearly afforded appellant 180 days from the date the trial transcripts were filed in his first direct appeal or no later than 180 days after the expiration of time for filing the appeal. Because the trial transcript was filed in this Court before our decision affirming appellant's conviction and sentence on May 24, 1999,[1] appellant's petition for post-conviction relief is clearly untimely. The fact appellant was resentenced on January 10, 2005, does not serve to restart the clock for post-conviction relief purposes as to any claims attacking his underlying conviction. Assuming, arguendo, it did restart the clock, appellant's petition would still be untimely. Appellant's appeal of the trial court's resentencing was voluntarily dismissed. Any extension of time to file the transcript therein is of no import in computing the timeliness of the instant post-conviction relief petition. Because no transcript had been filed before appellant voluntarily dismissed that appeal, we treat the procedural posture to be the functional equivalent of no appeal having been taken. Pursuant to R.C. 2953.21(A), appellant had 180 days after the expiration of the time for filing his notice of appeal (February 10, 2005). We compute this time to be August 10, 2005, at the latest. Accordingly, the trial court correctly found appellant's petition untimely filed.
 {¶ 35} Having so found, we find it unnecessary to address the trial court's alternative reason for dismissing appellant's petition.
 {¶ 36} Appellant's assignments of error are overruled.
 {¶ 37} The judgment of the trial court is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 5, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Even under the present version of R.C. 2953.21 which accommodates the new procedure of direct review of capital death penalty cases by the Ohio Supreme Court, bypassing review in the court of appeals, the trial transcript was filed in the Ohio Supreme Court prior to its decision affirming appellant's conviction on October 30, 2002.