{¶ 1} Defendant-appellant, Kavin Peeples, pro se, appeals from the denial of his petition for postconviction relief. Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 {¶ 2} On September 16, 1987, in Criminal Case Number 87-217688, appellant pled guilty to attempted murder. He was sentenced to a term of eight to twenty-five years in prison, which was later amended to seven to twenty-five years in prison. Since that time, appellant, through numerous filings with the Cuyahoga County Common Pleas Court and this court, filed for postconviction relief, withdrawal of his guilty plea, and reconsideration. See Appendix I.
 {¶ 3} On August 16, 2006, in his most recent filing, appellant filed three separate motions: 1) to vacate or set aside sentence, 2) for appointment of counsel, and 3) for expert assistance. All three motions were denied by the trial court. *Page 2 
 {¶ 4} Appellant now assigns six assignments of error. Because appellant's assignments of error address the issue of appellant's right to be heard on his motions, they will be reviewed together.
 ASSIGNMENTS OF ERROR:
 I. THE MERITS OF THE FACTUAL DISPUTE WERE NOT RESLOVED [sic]
 II. THE FACTUAL DETERMINATION IS NOT FAIRLY SUPPORTED BY THE RECORD AS A WHOLE.
 III. THE FACTFINDING PROCEDURE EMPLOYED BY THE COURT WAS NOT ADEQUATE TO AFFORD A FULL AND FAIR HEARING.
 IV. THE COURT IGNORED A SUBSTANTIAL ALLEGATION OF NEWLY DISCOVERED EVIDENCE.
 V. THE MATERIAL FACTS WHERE [sic] NOT ADEQUATELY DEVELOPED.
 VI. THE PETITIONER ON POSTCONVICTION WAS DEPRIVED OF FUNDAMENTAL FAIRNESS.
 {¶ 5} "A petition for postconviction relief is a means to reach constitutional issues, which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. * * * A petition for postconviction relief, thus does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner *Page 3 
automatically entitled to an evidentiary hearing on the petition. * * *"State v. Gross, 5th Dist. No. CT2006-0006, 2006-Ohio-6941, at _17. (Citations omitted.)
 {¶ 6} In reviewing a trial court's denial of a petition for postconviction relief, absent a showing of abuse of discretion, an appellate court will not overrule the trial court's finding if it is supported by competent and credible evidence. Id. at _16.
 {¶ 7} Postconviction relief is governed by R.C. 2953.21, which limits the time in which a defendant can file his petition and states in part:
 (A)(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 8} Further, in order to file a postconviction relief petition outside the time frame established in R.C. 2953.21, a defendant's petition must meet the requirements of R.C. 2953.23. It reads in part:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * (1)[b]oth of the following apply: (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to *Page 4 
persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted
 * * *
 {¶ 9} "Under the postconviction-relief statutes, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing." State v. Byrd (2001), 145 Ohio App.3d 318, 329, citingState v. Cole (1982), 2 Ohio St.3d 112. "Before granting a hearing on a postconviction petition, the trial court must determine, upon consideration of the petition, the files and records pertaining to the underlying proceedings, and any supporting evidence, whether the petitioner has `set forth sufficient operative facts to establish substantive grounds for relief.'" Id., citing State v. Calhoun (1999),86 Ohio St.3d 279. If the petition and the files and records show that the petitioner is not entitled to relief, the court may dismiss the petition without an evidentiary hearing. Id., citing R.C. 2953.21(C). And if the trial court dismisses the petition, it has the obligation to make and file findings of fact and conclusions of law. Id., citing R.C.2953.21(G). However, the Ohio Supreme Court has held that a trial court has no duty to issue such findings of fact and conclusions of law when denying a petitioner's second or successive petition for postconviction relief. Byrd, supra, at 334. See, also, State ex rel. Carroll v.Corrigan (1999) 84 Ohio St.3d 529; State ex rel. Fuller v. Sutula
(1999), 86 Ohio St.3d 301. *Page 5 
 {¶ 10} Further, "this court has expressly held that requiring a defendant to bear the burden of producing some evidence to support his claims regarding the deprivation of constitutional rights prior to conducting an evidentiary hearing does not result in a denial of due process." State v. Peeples (Dec. 31, 1992), 8th Dist. No. 61544, 1992 Ohio App. LEXIS 6586, at 20, citing State v. Ledger (1984),17 Ohio App.3d 94.
 {¶ 11} In the case at bar, appellant did not submit to the trial court any files, records, supporting evidence or any other such operative facts to establish substantive grounds for relief. Therefore, the trial court did not err in denying appellant's motions without first conducting a hearing.
 {¶ 12} "`(A) postconviction relief proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.'" State v. McCaleb, 11th Dist. No. 2004-L-003, 2005-Ohio-4038, at _18, quoting Calhoun, supra, at 281. And a petitioner's right to file a successive postconviction petition is statutory not constitutional.Byrd, supra, at 327.
 {¶ 13} Appellant was afforded his day in court. A jury was empaneled, witnesses were summoned, and testimony was given. It was only in the midst of trial, on
 {¶ 14} September 4, 1987, when appellant entered a plea of guilty, did the trial cease to continue. Nonetheless, the writing of that plea agreement was executed in *Page 6 
open court and made a part of the record, as was the testimony of those witnesses who had testified. A portion of that plea agreement reads:
 I understand that my guilty plea(s) to the crime(s) specified constitutes both an admission of guilt and a waiver of any and all constitutional, statutory or factual defenses to such crime(s) and this case.
 {¶ 15} Appellant, after filing thirteen various motions for a new trial, to vacate or set aside judgment, and to withdraw plea, again, has not presented any new evidence to this court that warrants a reversal of the trial court.
 {¶ 16} Appellant's assignments of error are overruled.
 {¶ 17} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE, JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 7 
 APPENDIX I
Date Filed Document Filed Date of Decision Decision
10/14/87 Request for new trial 12/01/87 Denied
06/12/89 Petition to vacate or 06/26/89 Denied
 set aside judgment
06/30/89 Motion to amend petition 08/17/089 Denied
 to vacate
09/22/89 Petition to vacate or set 10/12/89 State's motion grant
 aside judgment; State filed
 motion to dismiss
01/24/90 Petition to vacate or set 02/01/90 Denied
 aside judgment
03/05/91 Oral motion to vacate plea* 03/11/91 Denied
02/12/93 Petition to vacate or set 04/07/93 State's motion grant
 aside judgment; State filed
 motion to dismiss
09/13/94 Motion to withdraw plea 10/04/94 Overruled
10/27/94 Motion to withdraw plea 11/07/94 Denied
11/03/94 Motion to withdraw plea 01/17/95 Denied
09/16/96 Petition to vacate or set 10/03/96 Denied
 aside judgment
05/20/02 Petition to vacate or set 08/07/02 Denied
 aside judgment
 *Page 8 
08/17/06 Petition to vacate or set 08/24/06 Denied
 aside judgment
* Appellant was in court for modification of sentence *Page 1