OPINION *Page 2 
{¶ 1} Defendant-appellant Benjamin L. Hanning appeals the September 26, 2007 Judgment Entry of the Muskingum County Court of Common Pleas denying his motion to modify or reduce his sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On October 20, 2005, the Muskingum County Grand Jury indicted Appellant on an eight count Indictment. Appellant appeared before the trial court for arraignment on October 26, 2005, and entered a plea of not guilty.
 {¶ 3} Appellant filed a motion to suppress. The trial court scheduled a suppression hearing for February 2, 2006. The parties appeared on February 2, 2006, and agreed to the trial court continuing the hearing in order to facilitate a resolution of the case. During a recess the parties came to a plea agreement. Appellant advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of guilty to six of the eight counts charged in the Indictment. In exchange, the State agreed to nolle the remaining two charges at sentencing. The trial court conducted a Crim. R. 11 colloquy with Appellant. Thereafter, the trial court accepted Appellant's plea and found him guilty. The trial court deferred sentencing pending a presentence investigation.
 {¶ 4} The matter came on for sentencing on March 13, 2006. Defense counsel advised the trial court Appellant was aware of the court date, but had taken ill and was at the hospital. The trial court continued the hearing and issued a bench warrant for Appellant's arrest. The trial court held the warrant for seven days in order to give Appellant an opportunity to present himself. *Page 3 
 {¶ 5} Appellant failed to appear for the second sentencing hearing on March 20, 2006. The trial court revoked Appellant's bond and activated the warrant for his arrest.
 {¶ 6} On April 10, 2006, Appellant was brought before the trial court in the custody of the Muskingum County Sheriff's Department. The State asked the trial court for leave to nolle counts four and six of the Indictment, which the trial court granted. The trial court indicated it was not inclined to follow the recommendations of the State, and imposed an aggregate sentence of six years imprisonment. The trial court memorialized Appellant's conviction and sentence via Amended Entry filed May 19, 2006. Appellant did not file a direct appeal from the conviction and/or sentence.
 {¶ 7} On June 26, 2006, Appellant filed a pro se Motion to Modify or Reduce Sentence. Therein, Appellant asserted his constitutional rights had been violated as a result of the trial court's failure to honor the terms of the plea agreement. Appellant sets forth the following issues for review:
 {¶ 8} "(1) WHETHER TRIAL COURT VIOLATED THE PETITIONER'S RIGHT TO TRIAL BY JURY BY ACCEPTING THE PETITIONER'S NEGOTIATED GUILTY PLEA AND THEN NOT HONORING THE TERMS OF THE PLEA AGREEMENT.
 {¶ 9} "(2) WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE TRIAL COURTS BALK ON THE NEGOTIATED TERMS OF THE PLEA AGREEMENT AND NOT MOVING THE COURT TO WITHDRAW THE GUILTY PLEA ONCE THE COURT DECLINED TO HONOR THE TERMS."
 {¶ 10} Via Judgment Entry filed July 25, 2006, the trial court summarily denied Appellant's motion. *Page 4 
 {¶ 11} Via Judgment Entry of August 21, 2007, this Court found Appellant's motion constituted a petition for post-conviction relief and, as such, the trial court was required to make and file findings of fact and conclusions of law giving its grounds for dismissing the petition. Accordingly, this Court reversed and remanded the matter for findings of fact and conclusions of law.
 {¶ 12} Via Judgment Entry of September 26, 2007, the trial court issued findings of fact and conclusions of law. Appellant now appeals, assigning as error:
 {¶ 13} "I. THE TRIAL COURT VIOLATED DEFENDANT-APPELLANTS RIGHTS [SIC] TO TRIAL BY JURY BY ACCEPTING DEFENDANT-APPELLANTS NEGOTIATED GUILTY PLEA AND THEN NOT HONORING THE TERMS OF THE PLEA AGREEMENT.
 {¶ 14} "II. THE TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE TRIAL COURTS BREECH ON THE NEGOTIATED TERMS OF THE PLEA AGREEMENT AND NOT MOVING THE COURT TO WITHDRAW THE GUILTY PLEA ONCE THE COURT DECLINED TO HONOR THE TERMS."
 I. {¶ 15} In the first assignment of error, Appellant argues the trial court erred in denying his motion to modify or reduce his sentence.[1]
We disagree.
 {¶ 16} This Court has stated that a trial court's denial of a petition for post-conviction relief will not be overturned absent an abuse of discretion. State v. Gross, Muskingum App. No. CT2006-0006,2006-Ohio-6941, citing, State v. Mitchell (1988), 53 *Page 5 
Ohio App.3d 117, 120, 559 N.E.2d 1370. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 17} Appellant argues the trial court abused its discretion in imposing a sentence different from the State's recommendation. Upon review of the record and Appellant's petition, Appellant's arguments raised in his petition for post-conviction relief could have been raised on direct appeal of his sentence. Appellant did not file a direct appeal; therefore, the argument is barred by the doctrine of res judicata.
 {¶ 18} Further, it is well settled a trial court has discretion to accept or reject a sentencing recommendation made by the State as part of a plea bargain. City of Akron v. Ragsdale (1978), 61 Ohio App.2d 107. As part of the plea agreement at issue, the State recommended a three year prison term. Appellant signed the plea agreement, stating: "I further understand that the Prosecutor's recommendation doesnot have to be followed by the Court." As such, we find the record does not demonstrate any breach of the plea agreement.
 {¶ 19} For the reasons set forth above, the trial court did not abuse its discretion in denying Appellant's motion, and the first assignment of error is overruled. *Page 6 
 II. {¶ 20} Appellant's second assignment of error argues he was denied the effective assistance of counsel due to his trial counsel's failure to object to the sentence imposed.
 {¶ 21} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. at 141-142. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie,81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267.
 {¶ 22} Based upon our analysis and disposition of Appellant's first assignment of error, we do not find Appellant's trial counsel ineffective in failing to object to the sentence imposed by the trial court. Appellant has not demonstrated a reasonable probability that but for counsel's alleged error, the outcome of Appellant's sentence would have been different. Therefore, the second assignment of error is overruled. *Page 7 
 {¶ 23} The September 26, 2007 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
 Hoffman, P.J., Gwin, J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 26, 2007 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] Via Judgment Entry of August 21, 2007, this Court determined the motion should be treated as a petition for post-conviction relief. Accordingly, we will analyze the assigned error as relating to a petition for post-conviction relief. *Page 1